Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | **WILLIAM T. HART** | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 0307 | **DATE** | JULY , 2000 |
| **CASE TITLE** | ALLSTATE INSURANCE COMPANY, etc. v. WAL-MART, INC., et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motions to dismiss and sever [11-1,2; 12-1,2] are denied. Defendants' motions to transfer [11-3; 12-3] are granted in part and denied in part. The Clerk of this Court is directed to transfer this case and send a record to the Clerk of the Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404, ten days after entry of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | need 56 | 3 number of notices |
| ✓ | Notices mailed by judge's staff. | | JUL 2000 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | 07/06/2000 date mailed notice |
| WJS | courtroom deputy's initials | Date/time received in central Clerk's Office | MQM mailing initials |

ALLSTATE INSURANCE COMPANY, as )
subrogee of Russell Burgess, )
Gilberto Constantinez, Carroll )
Davis, Christopher Davis, Ruben )
Dunkle, Frank Gladowski, Michael )
Grady, Russell Miles, William )
Miller, Rhonda Motley, Mitchell )
Obarr, James Riley, Timothy Sloan, )
David Tapia and Roger Tuttle, )
                                 )
          Plaintiff, )
                                 )
   v.                            )    No. 00 CV 0307
                                 )
WAL-MART STORES, INC., )
CHEYENNE INDUSTRIES, INC., )
d/b/a Cheyenne Lamps, and )
JOHN DOES, 1-10, )
                                 )
         Defendants. )

## MEMORANDUM OPINION AND ORDER

In this action, plaintiff Allstate Insurance Company, as the subrogee of 15 insureds who suffered similar fire losses, brings suit against the manufacturers and retailer of the lamps that allegedly caused the fires. Plaintiff claims that torchiere lamps with halogen bulbs caused all the fires for which Allstate has paid claims to its insureds. Defendant Wal-Mart Stores, Inc. allegedly sold all the lamps. Defendant Cheyenne Industries,

Inc. allegedly manufactured five of the lamps in question. Ten John Does are alleged to be the manufacturers of the other ten lamps.

Allstate is an Illinois corporation with its principal place of business in Illinois. Both named defendants are Arkansas corporations with their principal places of business in Arkansas. Therefore, there is complete diversity of citizenship.[1] The aggregate amount of damages claimed as to each named defendant is well in excess of $75,000.[2] The requirements of diversity jurisdiction are satisfied, 28 U.S.C. § 1332(a); Allstate Insurance Co. v. Hechinger Co., 982 F. Supp. 1169, 1171-74 (E.D. Va. 1997); Allstate Insurance Co. v. K-Mart Corp., No. 99 C 8515 (N.D. Ill. May 18, 2000) ("K-Mart"), and no party contends otherwise. Both of the presently named defendants concede that they do business in Illinois such that they are subject to personal jurisdiction in Illinois. Under the venue statute, that means they are defined as residing in Illinois.

---

[1] It has been represented that no manufacturer of the types of lamps in question is incorporated in nor has its principal place of business in Illinois. Therefore, identification of the John Doe defendants would not destroy complete diversity.

[2] If the claim related to each insured were to be considered separately, all but two of the insureds were paid less than $75,000 in insurance benefits. However, Allstate also claims punitive damages and attorney fees under state consumer statutes which apparently would make each of the separate claims in excess of $75,000.

See 28 U.S.C. § 1391(c). Since all defendants reside in this state, venue is proper in the Northern District of Illinois, id. § 1391(a)(1), and no party contends otherwise.[3]

The residential fires that underlie the claims all occurred in states other than Illinois and the lamps were purchased at Wal-Mart stores near where the fires occurred. Five of the fires occurred in North Carolina, two in Florida, and one each in Nebraska, Ohio, Pennsylvania, Michigan, Maryland, South Carolina, Virginia, and Utah. In addition to common law claims of negligence, products liability, and warranty that would presumably be governed by the law of the state in which each fire occurred, Allstate brings claims based on deceptive trade practices, consumer fraud, or other similar statutes of each of the states in which a fire occurred. Illinois has no relation to any of the claims other than that Allstate is located in Illinois.

Defendants move to dismiss the complaint on common law grounds of forum non conveniens. Alternatively, citing 28 U.S.C. § 1404(a), defendants move to sever the claims on the basis of the federal judicial districts in which each fire occurred and then transfer the separated claims to each respective district in

---

[3]If any John Does were to be identified, it is unknown whether they would also be subject to jurisdiction in Illinois or otherwise be determined to reside in Illinois.

which the fire occurred. Defendants primarily rely on the convenience of witnesses and secondarily on the application of the state law of the various jurisdictions. In the event that the cases are not severed, defendants still contend that Illinois is an inconvenient forum, but do not specifically suggest a more convenient location.[4]

Under the common law doctrine of forum non conveniens, a case is dismissed if the motion is granted. See Mohamed v. Mazda Motor Corp., 90 F. Supp. 2d 757, 764-65 (E.D. Tex. 2000). However, in the federal courts, the common law doctrine was largely supplanted by 28 U.S.C. § 1404(a), which calls for transfer of the action to the appropriate forum. The common law doctrine is now limited to situations where the more convenient forum is a foreign court or state court and therefore transfer under § 1404(a) is not possible. Cowan v. Ford Motor Co., 713 F.2d 100, 103 (5th Cir. 1983); Mohamed, 90 F. Supp. 2d at 767; American Dredging Co. v. Miller, 510 U.S. 443, 449 n.2 (1994) (dictum); Casillas v. Chicago & Northwestern Transportation Co., 1995 WL 573434 *3 n.3 (N.D. Ill. Sept. 27, 1995) (dictum);

---

[4] At the time the motions were presented, the court preliminarily indicated that separating the claims was an unlikely result and indicated that defendants should argue as to where the most appropriate forum for a single case would be. Defendants did not take the opportunity to address that alternative.

Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3828 at 278-80 (2d ed. 1986). That is not the situation in the present case. Instead, the relief defendants seek would be satisfied by severing the claims into separate cases and then transferring the separate cases to various district courts. If appropriate, such a procedure is possible because Rule 21 of the Federal Rules of Civil Procedure permits the severance of claims into separate proceedings and § 1404(a) permits transfers to other federal districts. Therefore, this cannot be a case in which dismissal under the common law doctrine would be appropriate. Instead, it must first be considered whether the various claims should be severed. Second, it must be considered whether, either as a whole or as separate cases, there should be a transfer or transfers to more convenient forum or fora.

Defendants contend that resolution of this case would require 15 separate trials concerning the causes of and resulting damages from each of the alleged residential fires. They contend this would be too much to expect of a single jury. They also contend that it would be difficult for a jury to keep straight the variations of state law. Defendants ignore that there is likely to be much common evidence regarding the manufacture and functioning of the halogen bulbs or lamps. Judicial economy

strongly favors coordinated discovery for all 15 claims.[5]
Further, many of the claims may be resolved short of trial,
either on summary judgment or by settlement. As to the
difficulty of considering the differences between the laws of ten
states, defendants do not presently point to any differences
between the laws of the different states. Presumably, there are
some, but it is not necessarily as great as defendants presume.
And even if all or a number of the claims go to trial, the
appropriate procedure may be to first try common issues in a
single trial and then try the specifics of each claim in separate
proceedings or separate groupings. It would not be until trial
of the case that severance need be resolved. Prior to that time,
judicial economy clearly favors continuing these cases in a
single proceeding. Cf. K-Mart.

The next question is whether, as a single case, there is
a more convenient forum to which this case should be transferred.
Defendants have not specifically suggested an alternative. The
reasonable alternatives, however, are obvious: (1) Illinois,
where plaintiff is located and the case has been filed;
(2) Arkansas, where defendants are located; or (3) North

---

[5] Even if the claims were to be split off into separate cases, it would likely be appropriate to consolidate pretrial proceedings in a single district pursuant to the rules applicable to multidistrict litigation.

Carolina, where five of the fires occurred and which is closer to the locations of a number of the other fires.[6]

In order to prevail on a motion to transfer venue pursuant to § 1404(a), the movant must establish that venue is proper in the transferor and transferee districts, and that the transfer serves (1) the convenience of the parties; (2) the convenience of the witnesses, and (3) the interests of justice. 28 U.S.C. § 1404(a); Kavo America Corporation v. J.F. Jelenko & Co., 2000 WL 715602 *6 (N.D. Ill. June 2, 2000); Byrton Dairy Products, Inc. v. Harborside Refrigerated Services, Inc., 1997 WL 177874 *5 (N.D. Ill. April 10, 1997). Defendants have the burden of demonstrating that the transferee forum best serves these interests. Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989); J.C. Whitney & Co. v. Renaissance Software Corp., 2000 WL 556610 *19 (N.D. Ill. April 19, 2000); Bryant v. ITT Corp., 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999). Where, as here, the plaintiff who chose the forum is located in the forum district, some deference is owed to that choice, but it is entitled to less deference where, as here, the forum has no connection to the claims in the case. Bryant,

---

[6]Three of the North Carolina fires occurred in the Eastern District of that state and two in the Western District. Two of the other fires occurred in the neighboring states of Virginia and South Carolina. Four others occurred in the relatively nearby states of Maryland, Pennsylvania, and Florida.

48 F. Supp. 2d at 832; <u>Byrton Dairy</u>, 1997 WL 177874 at *5; <u>Black & Decker (U.S.), Inc. v. Sunbeam Corp.</u>, 1994 WL 865386 *2 (N.D. Ill. Feb. 2, 1994); <u>Robinson v. Town of Madison</u>, 752 F. Supp. 842, 847 (N.D. Ill. 1990); <u>Paul v. Lands' End, Inc.</u>, 742 F. Supp. 512, 515 (N.D. Ill. 1990); <u>Pansophic Systems, Inc. v. Graphic Computer Service, Inc.</u>, 736 F. Supp. 878, 880 (N.D. Ill. 1990).

There is no dispute that venue is proper both here and in the possible transferee districts. Moreover, plaintiff has not disputed defendants' representations that most witnesses will be located in, or closer to, each of the forums where the fires occurred. As compared to the other possible states, North Carolina is most centrally located. Also, five of the 15 claims will involve the application of North Carolina law. Other than plaintiff's choice of its home forum, nothing favors keeping the case in Illinois. There is no contention by defendants that the factors favor Arkansas. Since North Carolina is the more convenient forum, the case will be transferred there. The transferee court, of course, is free to decide whether the case should be severed in any manner.

IT IS THEREFORE ORDERED that defendants' motions to dismiss and sever [11-1,2; 12-1,2] are denied. Defendants' motions to transfer [11-3; 12-3] are granted in part and denied

in part. The Clerk of this Court is directed to transfer this case and send a record to the Clerk of the Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404, ten days after entry of this order.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: JULY 6, 2000